UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CODIE A. PAUL, | : | **CIVIL NO. 4:07-CV-0959** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant | | |

## REPORT AND RECOMMENDATION


    The plaintiff, Codie A. Paul, has brought this civil
action under the authority of 42 U.S.C. §§ 405(g) and
1383(c)(3) to obtain judicial review of the decision of the
Commissioner of Social Security denying the claim of the
plaintiff for Social Security Supplemental Security Income.


    On September 17, 2003, Charles Paul applied for
Supplemental Security Income benefits on behalf of Codie A.
Paul, the plaintiff, Charles' minor son.  The plaintiff alleges
that he has been under a disability since his birth on November
12, 1988 as a result of Shwachman-Diamond Syndrome and upper
respiratory infection/sinusitis.

After an initial denial of the plaintiff's claim, a
hearing was held before an administrative law judge (ALJ) on
July 13, 2005.  (Tr. 525-565).  On January 13, 2006, the ALJ
issued a decision denying the application of the plaintiff for
benefits. (Tr. 14-21).  The Commissioner's Appeals Council
denied the plaintiff's request for review (Tr. 11-13);
therefore, the ALJ's decision was the final decision of the
Commissioner.

At the hearing on July 15, 2005 plaintiff, his father and
a medical expert testified.  Initially the claimant, Codie,
described his headaches.  They are severe sometimes and less
severe at other times.  He takes medications.  The medications
do alleviate the headaches.  The headaches are accompanied by
nausea.

Dr. George J. O'Donnell, a pediatrician, testified that
Codie's condition is not of equivalent severity to a listed
impairment.  Dr. O'Donnell noted that despite Codie's health
difficulties he was a good student until in May of 2003 he was
diagnosed to have Shwachman-Diamond Syndrome and home schooling
was initiated.  Dr. O'Donnell reviewed Codie's history of
symptoms and treatments from May of 2003 to July of 2005, as

well as his schooling, sleeping, exercise, dietary and mental
health concerns, and stated that Codie does not have listings-
equivalent impairments.  Dr. O'Donnell stated that Codie's
daily living habits are preventing him from stabilizing his
physical and mental health.  Dr. O'Donnell stated that Codie
needs to obtain appropriate psychological input for dealing
with his life as a young man with Shwachman-Diamond Syndrome.
Dr. O'Donnell's opinion that Codie's condition is not the
equivalent of a listed impairment is based in part upon the
view that Codie's chronic headaches and other chronic problems
would not meet a disability listing because these are not the
kinds of problems described in the relevant listings.  (Tr.
540).

The treatments being received by Codie for his headaches
are the kinds of treatments, Dr. O'Donnell stated, that would
be expected for severe headaches.  It would be expected that
recurrent severe headaches would cause absences from school,
but migraine headaches that cause an inability to attend school
are a rare thing.  Dr. O'Donnell noted for a second time in his
testimony that he perceived there to have been a cause-and-
effect relationship between the discovery by Codie that he has
Shwachman-Diamond Syndrome and the rapid downturn of Codie's

school performance and the disordering of other components of
his daily routine.  While, the disintegration of daily routines
is present, Dr. O'Donnell stated, the criteria for a listing
110.07 "multiple body dysfunction due to a confirmed hereditary
congenital acquired condition" are not present.  The
disintegration is not a mental impairment, and none of the
other criteria are present.

    Although Codie has frequent infections, he does not have
chronic and persistent asthma.  Dr. O'Donnell explained why
coughing, fatigue, sleeping irregularities, a low white blood
cell count and chronic allergies do not give rise to a finding
of an impairment of listings level severity.  Dr. O'Donnell
affirmed that an "emotional consult" for the plaintiff would be
in order: ". . . what we're trying to do here, you're trying to
get this person back on their feet, get them doing things
again, get them back in the mainstream again so that they can
function as a normal person."  (Tr. 551).

    Dr. O'Donnell, having emphasized the necessity of
treatment for Codie, was not able to state that there is
treatment available for Codie if he does not have insurance
coverage.  (Tr. 552-553).

4

Codie's father, Mr. Paul, stated that Codie's sleeping habits are irregular because he had irregular migraine headaches.  Codie's headaches began after his Shwachman-Diamond Syndrome diagnosis.  Codie's caffeine intake is carefully limited, Mr. Paul stated.

Codie confirmed that his headaches are affecting the regularity of his sleeping.  Codie stated that his rapid downward spiral as a student was "due to my medical problems." He got lightheaded and fell in the school hallway one day.

Cody stated that he takes walks for exercise.  He has friends.  He does not know whether talking to a counselor would help him.

At the conclusion of the hearing the ALJ ordered additional testing.

The plaintiff filed his complaint with this court on May 25, 2007.  On August 23, 2007, the defendant filed an answer to the complaint along with a copy of the administrative record. Pursuant to Local Rules 83.40.4 and 83.40.5 and this court's Order of September 5, 2007, the plaintiff filed his brief on

December 3, 2007 and the defendant filed his brief on February 7, 2008.  No reply brief has been filed.

If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995).  Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1998).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict around the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).  However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id.* at 706-707.  In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

Congress in 1996 altered the statutory disability standard for children seeking SSI. Pub.L. No. 104-193 (August 22, 1996).  Section 211(a)(4) of the 1996 legislation, codified at 42 U.S.C. § 1382c(a)(3)(C)(I), provides:

> An individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

Pub.L. No. 104-193 § 211(a)(4).

7

The rules applicable to a child alleging disability prescribe a three-step sequential evaluation under which the Administrative Law Judge must consider:  (1) whether the child is engaging in substantial gainful activity; (2) whether the child has a mentally determinable impairment (physical or mental) or combination of impairments that is severe; (3) whether the child's impairment(s) meets, medically equals, or functionally equals in severity any of the listed impairments at 20 C.F.R. § 404, Subpt. P, App. 1. *See* 20 C.F.R. § 416.924(a).

A child meets the listing if the specific findings detailed within the description of a listing exist with respect to that child's diagnosis. 20 C.F.R. § 416.924(d)(1).  A child medically equals a listing if the medical findings with respect to the child's impairments are at least equal in severity and duration to the listed findings. 20 C.F.R. § 416.926(a).  A child functionally equals a listing when he has a severe impairment that results in "marked" limitations in two domains of functioning or in an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

There are six domains of functioning used in determining functional equivalence: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting and relating

8

with others; (4) moving about and manipulating objects; (5) ability to care for oneself; and (6) health and physical well being. 20 C.F.R. § 416.926a(b)(1)(I)-(vi).  A marked limitation in a domain is found when an impairment interferes seriously with a plaintiff's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).  A marked limitation is more than moderate but less than extreme. *Id.*  An extreme limitation in a domain is found when the impairment interferes "very seriously" with a plaintiff's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).  An extreme limitation is more than marked and is a description given to the worst limitations. *Id.* An additional factor which is considered in determining functional equivalence is whether or not the activities of the child asserting disability are typical of other unimpaired children of the same age. 20 C.F.R. § 416.926a(b)(2).

The ALJ determined in Codie's case that the plaintiff has not engaged in substantial gainful activity since the alleged onset of disability.  The ALJ determined that the plaintiff has severe impairments, Shwachman-Diamond Syndrome and upper respiratory infection/sinusitis.  The ALJ determined that the impairments do not meet or medically equal the severity of any

listed impairment.  The ALJ further found that the plaintiff does not have an "extreme" limitation in any domain of functioning or a "marked" limitation in two or more domains of functioning.  A marked limitation was found in the domain of Health and Physical Well Being, but no other marked limitation was found.  On the basis of these finding the ALJ found the plaintiff not to be disabled.  There is no contention that the ALJ erred as a matter of law in the application of the relevant regulations.

The plaintiff argues that the ALJ erred in failing to accord significant weight to seven treating source opinions and in failing to accord adequate weight to evidence relating to an impaired ability to interact with other persons.  In particular, the plaintiff argues that the decision of the ALJ that the plaintiff's diseases do not give rise to an "extreme" limitation in the domains of Health and Physical Well Being and to a marked limitation as to Interacting and Relating to Others is not consistent with the evidence because the plaintiff is at risk of serious infection and can not attend school with his peers and because his activities are limited as a result of his recurrent migraine headaches and his constant infections.  The ALJ found there to be a marked but not an extreme limitation in the domain of Health and Physical Well Being and found there not to be a

10

marked limitation in the domain of Interacting and Relating with Others. The ALJ's determination was based in part upon the hearing testimony presented by Dr. O'Donnell; at the same time, the ALJ did consider and discuss the reports of the treating physicians. The ALJ provided a rational and evidence-based explanation for finding that the plaintiff does not have greater than a marked limitation in the domain of Health and Physical Well Being. The ALJ provided a rational and evidence based explanation for finding that the plaintiff does not have a marked impairment in the domain of Interacting and Relating with Others.

The application of the extremely abstract adjectives "marked" and "extreme" in the case of a child's limitations when the issue is comparability to impairments that are vocationally disabling for an adult is manifestly elusive from the perspective of judicial review; however, here the ALJ's decision is identifiably based upon substantial evidence.

The plaintiff's brief proceeds from an argument that Shwachman-Diamond Syndrome is a serious disease that can lead to other serious diseases. Many of the plaintiff's most serious symptoms began at the age of thirteen after his disease was diagnosed. The ALJ was presented with two medical opinions. One

11

was that the plaintiff and his family have not adapted to the fact of the diagnosis and that the changes being experienced are subject to significant amelioration if the plaintiff does take the steps necessary to adjust to the fact of the diagnosis and the lifestyle measures best suited to retard and defeat adverse symptoms.  The other was that the plaintiff has a range of persistent physical and emotional conditions which, viewing them as they now are and have been for a year or two, would not permit the performance of tasks equivalent to substantial gainful activity.

The ALJ's decision, accepting the opinion that with effort and changes in routine the plaintiff can perform tasks, which is based upon evidence and a rational explanation, is based upon substantial evidence.

It is recommended that the plaintiff's appeal be denied and that the case be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  February 27, 2008.

12