IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CODIE A. PAUL, | : | |
| | : | |
| Plaintiff | : | No. 4:CV-07-959 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MICHAEL J. ASTRUE, | : | (Magistrate Judge Smyser) |
| Commissioner of Social Security, | : | |
| Defendant | : | |

**M E M O R A N D U M**

May 13, 2008

**BACKGROUND:**

On May 25, 2007, plaintiff Codie A. Paul, commenced this civil action under 42 U.S.C. §§ 405(g). Paul is a child who seeks review of the Commissioner's decision to deny his application for Supplemental Security Income and asserts that the Commissioner's decision was not supported by substantial evidence.

The matter was initially referred to United States Magistrate Judge J. Andrew Smyser.

On February 27, 2008, the magistrate judge filed a twelve page report and recommendation. (Rec. Doc. No. 16.) The magistrate judge found that the ALJ's decision to deny benefits was based on substantial evidence and recommended that

1

the appeal be denied. (Id. at 12.)

On March 17, 2008, plaintiff filed objections to the report and recommendation. (Rec. Doc. No. 18.) On March 26, 2008, defendant filed a response to those objections. (Rec. Doc. No. 19.) For the following reasons, we will grant the appeal and remand the case to the ALJ for further consideration.

**DISCUSSION:**
### I. Standard of Review

We have jurisdiction to hear this claim pursuant to 42 U.S.C. § 405(g). Our role is to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision and findings of fact. 42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (quoting Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It is less than a preponderance of the evidence but more than a mere scintilla." Id. The substantial evidence standard is a deferential standard of review. Id.

A district court reviews de novo those portions of a magistrate judge's report

and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II.  Analysis

Under the Social Security Act, a child under the age of 18 is considered disabled if he or she has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I). A three-step evaluation process is utilized to determine whether a child is disabled and eligible for disability benefits: 1) whether the chid is engaged in substantial gainful activity; 2) whether the child has an impairment which is severe; and 3) whether the impairment "meets, medically equals, or functionally equals" the severity of any of the listed impairments. 20 C.F.R. § 416.924(a). If the child 1) is engaged in substantial gainful activity; 2) does not have a severe impairment; or 3) the severe impairment does not meet, medically equal, or functionally equal the severity of any of the listed impairments, he or she is not disabled. Id. On the other hand, if the child: 1) is not engaged in substantial gainful activity; 2) does have a severe impairment; and 3) the severe impairment meets, medically equals,

or functionally equals the severe impairment of any of the listed impairments, he or she is disabled.

A child "meets" a listing if the specific findings detailed within the description of a listing exist with respect to that child's diagnosis. 20 C.F.R. § 416.924(d)(1). A child "medically equals" a listing if the medical findings with respect to the child's impairments are at least equal in severity and duration to the listed findings. 20 C.F.R. § 416.926(a). Finally, a child "functionally equals" the severity of a listing if the impairment results in a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). However, the child's functioning is not compared to the requirements of any specific listing. 20 C.F.R. § 416.926a(d). The six domains which must be analyzed are: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for oneself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A "marked" limitation in a domain is found when an impairment "seriously" interferes with a plaintiff's ability to "independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(I). An "extreme" limitation is found when an impairment "very seriously" interferes with a plaintiff's ability to "independently initiate, sustain, or complete activities." 20 C.F.R. §

416.926a(e)(3)(I).

In the instant case, the ALJ determined that plaintiff is not engaged in substantial gainful activity and that he does have severe impairments, which are Shwachman-Diamond Syndrome and upper respiratory infection/sinusitis. (Rec. Doc. No. 16, at 9.) Yet, the ALJ concluded that these severe impairments did not meet or medically meet a listed impairment. (Id. at 10.) The ALJ further concluded that plaintiff's impairments did not functionally equal the severity of a listing because plaintiff did not have an "extreme" limitation in any domain and only had one "marked" limitation, which was in the domain of health and physical well-being. (Id.)

On appeal, plaintiff asserted that the ALJ's conclusion that plaintiff had only a "marked," and not a "severe" limitation, in the domain of health and physical well-being was not supported by substantial evidence. (Rec. Doc. No. 12, at 15.) Similarly, plaintiff contended that the ALJ's conclusion that plaintiff had a "less than marked" limitation in the domain of interacting and relating with others was not supported by substantial evidence as well. (Id. at 17-19.) In his report and recommendation, the magistrate judge rejected these contentions, concluding that the ALJ's determination in both of these domains was based on substantial evidence. (Rec. Doc. No. 16, at 10-12.)

In his objections to the magistrate judge's report and recommendation, plaintiff contends that the magistrate judge erred in concluding that the ALJ's determination was based on substantial evidence. (Rec. Doc. No. 18.) Yet, he does not pursue his claim regarding the domain of health and physical well-being. (Id.) Rather, he again reiterates that the ALJ's finding of a "less than marked" limitation in the domain of interacting and relating with others is not supported by substantial evidence. (Id. at 17-22.) Furthermore, he presents two new arguments for appeal not previously presented to the magistrate judge. He contends that the ALJ's conclusion that he does not meet listed impairments 110.07 and 107.01 is not supported by substantial evidence. (Id. at 16-17.) Similarly, he contends that the ALJ's conclusion that he has a "less than marked" limitation in the domain of attending and completing tasks is not supported by substantial evidence. (Id. at 22-23.)

A. The Domain of Health and Physical Well-Being

Although plaintiff contended in his original brief that the ALJ's conclusion that plaintiff had only a "marked" limitation, and not an "extreme" limitation, in the domain of health and physical well-being was not based on substantial evidence, he has not presented any objections to the magistrate judge's report which recommended that the court uphold the ALJ's decision on this issue.

Therefore, because plaintiff has elected not to object, we will adopt the magistrate judge's report and recommendation with respect to this domain and find that the ALJ's conclusion that plaintiff had a "marked" limitation in the domain of health and physical well-being is based on substantial evidence.

B. Listed Impairments 110.07 and 107.01

As for plaintiff's argument that substantial evidence does not support a finding that plaintiff does not meet listings 110.07 and 107.01 in the Childhood Listings of Impairments, we first note that plaintiff did not raise this argument in his initial brief to the magistrate judge.  Instead, he first raises it in his objections to the magistrate judge's report and recommendation.  Thus, there exists a basis for concluding that plaintiff has waived this argument.

Nevertheless, even if we consider the merits of this argument, we conclude that it fails.  The ALJ concluded that plaintiff has Shwachman-Diamond Syndrome, an hereditary disease that affects his digestive system and white blood count, and leaves him susceptible to repeated infections.  (Tr., Rec. Doc.. No. 7, at 16.)  Yet, he concluded that these impairments did not meet the listed impairments of 110.07 and 107.01.  (Id.)  In making this determination, the ALJ noted that Dr. O'Donnell concluded that plaintiff did not meet or equal a listed impairment.  (Id.)

Plaintiff cites to the opinion of Dr. Lizano who concludes that plaintiff meets

the criteria set forth in listings 110.07 and 107.01. (Rec. Doc. No. 18, at 16.) He argues that the ALJ failed to cite this finding in his decision and fails to explain why this evidence was rejected. (Id.)

Dr. Lizano is a physician whose name appears in the vocational report prepared by Action Review Group, Inc, a medical review team under contract with the Department of Public Welfare, Disability Advocate Program. (Id. at 102-05.) This report is signed by Kathy Cerra, M.A., not by Dr. Lizano. (Id. at 104.) The report states that "Dr. Lizano concludes that [plaintiff's] condition equals the criteria of the 110.07 and 107.01 Listings of Impairments . . ." (Id. at 103.) Yet, the report does not explain why Dr. Lizano reached such a conclusion. (Id.)

Dr. O'Donnell, on the other hand, is an impartial medical expert who testified at plaintiff's hearing. His testimony explicitly rejected Dr. Lizano's opinion and provided a detailed analysis as to why plaintiff did not meet listings 110.07 and 107.01. (Id. at 543-45.)

While it is true that the ALJ did not specifically discuss the opinion of Dr. Lizano in his decision, he did rely on and credit Dr. O'Donnell's testimony, which expressly rejected Dr. Lizano's opinion. In other words, the ALJ necessarily rejected the opinion of Dr. Lizano in crediting Dr. O'Donnell's testimony. Therefore, we conclude that the ALJ's finding that plaintiff does not meet the

requirements of listings 110.07 and 107.01 is supported by substantial evidence.

### C.  Domain of Interacting and Relating with Others

In his opinion, the ALJ concluded that plaintiff had a "less than marked" limitation in the domain of interacting and relating with others. (Tr., Rec. Doc. No. 7, at 18.) Specifically, the ALJ concluded that "[plaintiff] was generally cooperative and related well with others according to the objective medical evidence." (Id.) The ALJ went on to note that testing of the plaintiff resulted in a high score on the Anxious-Shy scale (99th Percentile) and that individuals who score high on this scale have an atypical amount of worries and fears and are shy and withdrawn. (Id.) Furthermore, the ALJ noted that plaintiff was examined by James Williams, Ph. D, who concluded that plaintiff had worries and concerns about attending school full-time in a regular educational setting. (Id.)

Plaintiff argues that the ALJ's conclusion is not based on substantial evidence. (Rec. Doc. No. 18, at 17-23.) Specifically, he contends that the ALJ failed to consider plaintiff's treating physicians' opinions that plaintiff should be home schooled due to the risk of infection. (Id. at 17.) Similarly, he failed to explain why he rejected plaintiff's high score on the Anxious-Shy scale. (Id.) Finally, he fails to explain why he rejected the Athens Area School District's Special Services Evaluation Report from March 28, 2004, which indicated that

9

plaintiff's social skills are in the "At Risk" range. (Id. at 20-23.)

The domain of interacting and relating with others concerns how well the child initiates and sustains emotional connections with others, develops and uses the language of his community, cooperates with others, complies with rules, responds to criticism, and respects and cares for the possessions of others. 20 C.F.R. § 416.926a(I). As mentioned, a "marked" limitation exists when an impairment "seriously" interferes with a plaintiff's ability to perform activities. 20 C.F.R. § 416.926a(e)(2)(I)

We agree with plaintiff that the ALJ failed to properly explain his conclusion that plaintiff had a "less than marked" limitation in the domain of interacting and relating with others. Aside from stating that plaintiff was "generally cooperative and related well with others according to the objective medical evidence," the only evidence discussed by the ALJ in this portion of the opinion appears to indicate at least some limitation in this category. He does not indicate the "objective medical evidence" that he relies upon or indicate why the plaintiff's score on the Anxious-Shy scale and the report of James Williams, both of which the ALJ appears to credit, equate to a "less than marked" limitation.

Third Circuit case law requires an ALJ to set forth the reasons for his or her decision, including evidence that was considered which supports the result and

some indication of evidence that was rejected.  Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).  The purpose of this requirement is to allow a reviewing court to determine whether evidence was not credited or was simply ignored, which is necessary for meaningful judicial review.  Id.  We conclude that the ALJ has not sufficiently set forth his reasons for concluding that plaintiff has a "less than marked" limitation in this domain.

Furthermore, we note in his brief in response to plaintiff's objections, defendant points to evidence in the record which might possibly support a conclusion that plaintiff does not have a "marked" limitation in this domain. Nevertheless, due to the ALJ's inadequate review and his failure to mention any of this evidence, we have no way of knowing whether the ALJ relied on this evidence or simply made an arbitrary decision altogether.

Therefore, we will remand the case to the ALJ for further consideration. Upon remand, the ALJ shall fully develop the record and explain his findings as to the effect of plaintiff's impairment on his ability to interact and relate with others.

D.  Domain of Attending and Completing Tasks

The ALJ concluded that plaintiff had a "less than marked" limitation in this category.  (Tr., Rec. Doc. No. 7, at 17.)  He concluded that although plaintiff has difficulty completing tasks relating to fatigue caused by his illness, there is no

objective medical evidence of a mental impairment that affects plaintiff's ability to maintain attention and concentration.  (Id.)  Furthermore, the ALJ noted that plaintiff's homebound instructor, Allison Stern, and science teacher, Ms. Duncan, both believed that plaintiff had difficulty with self-esteem and motivation.  (Id.)

The domain of attending and completing tasks concerns how well the child is able to focus and maintain attention, and how well he or she begins, carries through, and finishes activities, including the pace at which he or she performs activities and the ease with which he or she changes them.  20 C.F.R. § 416.926a(h).

Much like our analysis in the domain of interacting and relating with others, we find that the ALJ failed to properly explain his conclusion in this domain.  The ALJ simply states that there is no objective medical evidence of a mental impairment that affects the plaintiff's ability to maintain attention and concentration, and then goes on to discuss that plaintiff's physical condition causes him to have difficulty completing tasks relating to fatigue.  Similarly, the ALJ discusses that two of plaintiff's instructors believe that plaintiff has motivation issues.  The ALJ does not properly explain why these two opinions and the physical condition relating to fatigue equate to a "less than marked" limitation in this domain.

Although plaintiff has arguably waived this argument because it was not presented in his initial brief, in light of the fact that we are already remanding the case for further consideration with respect to the domain of interacting and relating with others, we will remand for further consideration on this domain as well.

**CONCLUSION:**

Because we find that the ALJ's reasoning in the domains of interacting and relating with others and attending and completing tasks is inadequate to allow for meaningful judicial review, we will remand the case to the ALJ for further consideration. Upon remand, the ALJ shall fully develop the record and explain his findings as to the effect of plaintiff's impairments on his ability to interact and relate with others and his ability to attend and complete tasks.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CODIE A. PAUL, | : | |
| | : | |
| Plaintiff | : | No. 4:CV-07-959 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MICHAEL J. ASTRUE, | : | (Magistrate Judge Smyser) |
| Commissioner of Social Security, | : | |
| Defendant | : | |

**O R D E R**

May 13, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1. United States Magistrate Judge J. Andrew Smyser's report and recommendation is adopted to the extent consistent with this opinion. (Rec. Doc. No. 16.)

2. The case is remanded to the Commissioner of Social Security for further consideration so that the ALJ may fully develop the record and explain his findings as to the effect of plaintiff's impairment on

his ability to interact and relate with others and his ability to attend and complete tasks.

                                                                                              <u>   s/ James F. McClure, Jr.   </u>
JAMES F. McCLURE, JR.
United States District Judge